UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GORDON L. GURSKE,

    Plaintiff,

v.                                                  Case No:   6:17-cv-2050-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Gordon L. Gurske, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on June 18, 2015, alleging disability beginning January 30, 2015. (Tr. 201). The claim was denied initially on August 18, 2015, and upon reconsideration on November 12, 2015. (Tr. 111-13, 119-23). Plaintiff requested a hearing and on June 1, 2017, a hearing was held before Administrative Law Judge ("ALJ") Stephen Calvarese. (Tr. 35-77). On June 12, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 10-29). Plaintiff requested review of the hearing decision but the Appeals Council denied Plaintiff's request on October 3, 2017. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 29, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2015, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, migraines, and diabetes mellitus. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) with the claimant capable of lifting and carrying up to 20 pounds on an occasional basis and 10 pounds on a frequent basis. The claimant can stand and/or walk for six hours during an eight-hour workday, and sit for six hours during an eight-hour workday. The claimant can frequently balance, and occasionally climb ramps, stairs, ladders, ropes and scaffolds. The claimant must avoid concentrated exposure to noise (can handle office noise), vibrations, and hazards such as machinery and heights.

(Tr. 16). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a machinist, metal fabricator, maintenance electrician, small engine mechanic, boat rigger, and electric motor control assembler. (Tr. 21).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22). Specifically, the ALJ found that Plaintiff could perform such occupations as route clerk, marker II, and addressor. (Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from January 30, 2015, the alleged onset date, through June 12, 2017, the date of the decision. (Tr. 23).

## II. Analysis

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to properly consider the frequency, duration, and intensity of Plaintiff's migraine headaches; (2) whether the ALJ erred by failing to evaluate the side affects of Plaintiff's medications for migraines and other pains; (3) whether the ALJ's credibility finding is supported by substantial evidence; and (4)

whether the ALJ erred by failing to fully and fairly develop the record. The Court begins with Plaintiff's first raised issue.

Plaintiff argues that the ALJ erred by failing to properly consider the frequency, duration, and intensity of Plaintiff's migraine headaches. (Doc. 24 p. 21-24). Plaintiff contends that although the ALJ found Plaintiff's migraine headaches to be a severe impairment, there is no indication that the ALJ accounted for the impairment caused by Plaintiff's migraines. (Doc. 24 p. 21). In response, Defendant argues that Plaintiff's argument lacks merit because the ALJ explicitly discussed Plaintiff's headaches at three different places in the decision. (Doc. 24 p. 27).

Upon review of the record and the parties' arguments, the Court finds that Plaintiff's argument has merit. By finding that Plaintiff's migraine headaches were a severe impairment, the ALJ determined that Plaintiff's migraines significantly limit her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c). Although the ALJ acknowledged Plaintiff's migraines and reviewed some medical evidence pertaining to them, the ALJ never specifically addressed how Plaintiff's impairments caused by migraines were accounted for in the RFC finding. Courts in the Middle District of Florida have found it appropriate remand when an ALJ identifies migraines as a severe impairment, but fails to explain how the impairment is accounted for in the RFC finding. *See Reis ex rel. Reis v. Astrue*, 2012 WL 3231092, at *4 (M.D. Fla. Dec. 5, 2012); *Towner v. Astrue*, 2012 WL 6699627, at *6 (M.D. Fla. Dec. 5, 2012); *Battles v. Colvin*, 2016 WL 3360428, at *1 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, 2016 WL 3258423, at *3 (M.D. Fla. June 14, 2016). Given the ALJ's failure to explain how Plaintiff's migraines were accounted for in the RFC finding, the Court finds it appropriate to remand this case.

Upon remand, the ALJ shall consider the evidence pertaining to Plaintiff's migraines, specifically address his findings regarding the frequency, duration, and intensity of the migraines, and explain how the impairments are accounted for in the RFC finding. As the ALJ's consideration of Plaintiff's migraines may alter the ALJ's RFC finding, the Court defers from addressing Plaintiff's other raised issue at this time.

### III.     Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties